THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| E.L., a Minor by ) | |
| STEVE BACHMAN, as Parent, ) | |
| and Next Friend for ) | |
| E.L. and for Himself ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-717RM |
| ) | |
| PENN HARRIS MADISON ) | |
| SCHOOL SYSTEM, ) | |
| ) | |
| Defendant ) | |

## OPINION AND ORDER

Before the court are two motions: a motion for preliminary injunction, filed by E.L. and Mr. Bachman, and a motion to dismiss filed by the defendant. For the following reasons, the court denies the motion for preliminary injunction and denies the motion to dismiss.

> To win a preliminary injunction, a party must show that it is reasonably likely to succeed on the merits, it is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest. If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis, which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied.

Christian Legal Society v. Walker, 453 F.3d 853, 859 (7th Cir. 2006) (citations omitted). "As the Supreme Court has observed, [a] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the

movant, by a clear showing, carries the burden of persuasion." Goodman v. Illinois Dept. of Financial and Professional Regulation 430 F.3d 432, 437 (7th Cir. 2005)

To prevail in this case, the must show that they are reasonably likely to succeed on the merits. Resolution of this issue alone renders granting the motion for preliminary injunction inappropriate. When reviewing the complaint for purposes of this motion only, it appears the plaintiffs allege that the defendant's policy of noncompliance with Title IX and the regulations promulgated pursuant to that statute have a disparate impact on E.L. and those similarly situated to her. In Canon v. University of Chicago, 648 F.2d 1104 (7th Cir. 1981), the court of appeals explicitly rejected this theory of liability under Title IX. Id. at 11109-1110 (disparate impact claim, even when coupled with allegations that the defendants knew of this impact while enforcing their policies, does not establish a violation of Title IX.) While the plaintiffs point to Jackson v. Birmingham Bd. of Educ., 544 U.S. 167 (2005), and Alexander v. Sandoval, 532 U.S. 275 (2001), as providing the legal basis for allowing the relief they seek, neither case supports their complaint: Jackson concerned a disparate treatment claim and Alexander explicitly rejected a disparate impact theory under Title VI. With no argument dealing with Canon II, the court cannot find the plaintiffs have showed they are likely to succeed on the merits of their disparate impact claims. Therefore, the court cannot grant the plaintiffs' request for a preliminary injunction.

In regards to the defendant's motion to dismiss:

2

> Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later. A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial. The consistency proviso is why some complaints may be dismissed pronto: litigants may plead themselves out of court by alleging facts that defeat recovery.

Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005) (quotations and citations omitted). A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint, not its underlying merits, see Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiffs. Slaney v. Int'l Amateur Athletic Fed'n, 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief, Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001), and unlike a motion for preliminary injunction, the defendant bears the burden of showing the plaintiff has failed to allege a claim upon which relief can be granted. Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005).

The crux of the defendant's motion is that the complaint must be dismissed because the plaintiffs' claims are precluded under the legal theories identified in their complaint. While the defendant might very well succeed with this argument at summary judgment, when the court may look at the record, that does not matter at this stage. Even if the plaintiffs have not articulated the proper law under which their suit is brought, such a failure is not fatal under Rule 12(b)(6),

3

McDonald v. Household Int'l, Inc., 425 F.3d 424, 428 (7th Cir. 2005) ("Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations …. A drafter who lacks a legal theory is likely to bungle the complaint (and the trial); you need a theory to decide which facts to allege and prove. But the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."). The complaint need only determine if the plaintiff can prove any set of facts consistent with the allegations of the complaint that would entitle them to relief. Id.

The court reserves judgment on whether the plaintiffs' claims are legally appropriate under Title IX until it can appropriately construe the law in light of the facts of this case, but for now it is enough the plaintiffs have satisfied Rule 8. Thus, the defendant's motion to dismiss under Rule 12(b)(6) is denied.[1]

For the reasons stated above, the court DENIES the plaintiffs' motion for a preliminary injunction and DENIES the defendant's motion to dismiss. Pursuant to Rule 12(h), the court ORDERS the parties to address the issue of Mr. Bachman's standing as a plaintiff in this lawsuit at the summary judgment stage.

SO ORDERED.

---

[1] The court notes the defendant's request to dismiss all claims made by Mr. Bachman and to strike the request for attorney's fees from the complaint, but neither of those issues are properly raised for the first time in a reply brief. United States v. Magana, 118 F.3d 1173, 1198 n.15 (7th Cir. 1997) ("it is improper to present new arguments in a reply brief"). Since the court may always raise the issue of subject matter jurisdiction at any time, the court now orders the parties to address the issue of Mr. Bachman's standing to bring the claims at summary judgment. FED. R. CIV. P. 12(h)

ENTERED: <u>August 28, 2006</u>

<u>/s/ Robert L. Miller, Jr.</u>
Chief Judge
U.S. District Court